NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAMES M. MALONEY, | : | |
| Plaintiff, | : | Civ. No. 05-728 (GEB) |
| v. | : | |
| SHARON A. HARRINGTON, in her official capacity as Chief Administrator, New Jersey Motor Vehicle Commission, | : | **MEMORANDUM OPINION** |
| Defendant. | : | |

**BROWN, District Judge**

This matter comes before the Court upon the motion of Defendant Sharon A. Harrington ["Defendant"] to dismiss *pro se* Plaintiff James M. Maloney's ["Plaintiff"] First Amended Complaint ["Complaint"] pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff filed a cross-motion for a preliminary injunction. The Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).[1] This Court, having considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth below, will deny Plaintiff's cross-motion and dismiss the Complaint with leave to amend within thirty (30) days.

---

[1] Defendant incorrectly asserts within her Rule 12(b)(6) motion brief that the Complaint must be dismissed because Plaintiff failed to allege complete diversity under 28 U.S.C. § 1332(a)(1). (Def.'s Br. in Supp. of Mot. to Dismiss ["Def.'s Br."] at 7). However, Plaintiff clearly asserts jurisdiction under 28 U.S.C. § 1331 by alleging constitutional violations. Therefore, the Court will not dismiss the Complaint on this basis.

**I.     BACKGROUND**

In his Complaint, Plaintiff alleges the following facts.  Plaintiff was convicted in Belmar, New Jersey, Municipal Court on November 7, 1984 for driving while intoxicated [D.W.I.].  (First Am. Compl. ["Compl."] ¶¶ 7, 9); (Def.'s Br. at 2).  He was fined and his New Jersey driver's license was suspended for six months.  (Compl. ¶ 9).  Plaintiff surrendered his New Jersey license to the state court, and has not sought its reinstatement.  (Id. ¶¶ 7, 11).  In December 2004, Plaintiff received a communication from Defendant informing him that his New Jersey driving privileges were suspended until Plaintiff satisfied an outstanding insurance surcharge in the amount of $4,592.77.  (Id. ¶ 13).  Plaintiff sent a letter to Defendant requesting information regarding the surcharge, but has not received a response.  (Id. ¶ 15).  Plaintiff further requested an administrative hearing.  (Id. ¶ 17-18).  To date, Plaintiff has not paid Defendant the surcharge, and is challenging the validity of the insurance surcharge in state court.  (Pl.'s Br. in Opp'n to Mot. Dismiss and in Supp. of Cross-mot. for Prelim. Inj. ["Pl.'s Br."] at 1).  Plaintiff currently holds a valid New York driver's license. (Compl. ¶ 22).

On March 1, 2005, Plaintiff filed his Complaint with this Court.  Plaintiff claims that the "continued prohibition of Plaintiff from operating a motor vehicle in the State of New Jersey" violates his constitutional rights guaranteed under the Privileges and Immunities, Due Process, Equal Protection, and  Dormant Commerce Clauses of the Constitution.  (Id. ¶¶ 25, 27, 29, 31, 33).  Plaintiff further claims that "his right to move freely among the states" has been violated.  (Id. ¶ 36).  Plaintiff requests equitable relief preventing Defendant from prosecuting him for operating a motor vehicle within New Jersey.  (Compl. at 7).

On April 29, 2005, Defendant moved to dismiss the Complaint.  On May 27, 2005, Plaintiff

cross-moved for a preliminary injunction (1) preventing Defendant from reporting Plaintiff's conviction for driving intoxicated to the National Driver Register of the National Highway Traffic Safety Administration ["N.H.T.S.A."] and the Department of Motor Vehicles of the State of New York ["NY D.M.V."], and (2) requiring Defendant to rescind and reverse any prior reporting to these agencies.  (Pl.'s Br. at 5).

## II. DISCUSSION

### A. MOTION TO DISMISS

#### 1. Standard of Review for Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-plead allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief.  *Oran v. Stafford*, 226 F.3d 275, 279 (3d Cir. 2000); *Langford v. City of Atl. City*, 235 F.3d 845, 850 (3d Cir. 2000).  The Court may not dismiss a complaint unless plaintiff can prove no set of facts that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985).  "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  *Jackson v. Birmingham Bd. of Educ.*, 125 S. Ct. 1497, 1510 (2005) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Under Rule 12(b)(6), the Court must "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff.  [The motion can be granted] only if no relief could be granted under any set of facts that could be proved."  *Turbe v. Gov't of the V.I.*, 938 F.2d 427, 428 (3d Cir. 1991) (citing *Unger v. Nat'l Residents Matching Program*, 928 F.2d

1392, 1394-95 (3d Cir. 1991)); *see also Langford*, 235 F.3d at 850.  A complaint may be dismissed for failure to state a claim where it appears beyond a reasonable doubt "that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

   A complaint should not be dismissed unless it appears beyond doubt that "the facts alleged, even if true, fail to support the claim."  *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988).  Legal conclusions made in the guise of factual allegations; however, are given no presumption of truthfulness.  *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) ("[A] court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss.").

## 2.      Plaintiff's Failure to State a Claim Upon Which Relief May Be Granted

What exactly Plaintiff regards as a violation of his constitutional rights is unclear from the Complaint.  In Plaintiff's support of his cross-motion, however, Plaintiff characterizes his claims as violations of "his federal constitutional right to due process and to travel freely among the states [based on] Defendant's ban on his driving in or through New Jersey and by threats to deny or suspend his valid New York license if he does not pay New Jersey the money Defendant demands."  (Pl.'s Br. at 1).  If Plaintiff is actually claiming that the state of New Jersey has banned Plaintiff from "driving in or through New Jersey," not only would the Court find this allegation to be specious, but completely unsupported by facts as alleged in the Complaint.  The alleged facts in the Complaint support the conclusion that Plaintiff is prohibited from driving with a New Jersey driver's license.  (*See* Compl. ¶¶ 13-14).  The facts do not support the conclusion, however, that Plaintiff is prohibited

from traveling in or through New Jersey with his valid New York license. (*See* Compl. ¶ 22); *see also* N.J. STAT. ANN. § 39:3-17 (granting nonresident's possessing a valid out-of-state driver's license the right to drive in New Jersey). Alternatively, if Plaintiff regards Defendant's alleged threat of suspending his New York driver's license as the constitutional violation, Plaintiff's Complaint would still be dismissed because Plaintiff fails to even mention such alleged threats in the Complaint.

The Court concludes that Plaintiff's Complaint, as currently drafted, fails to state a claim upon which relief may be granted. In the interest of addressing Plaintiff's claims on the merits, however, the Court will grant Plaintiff thirty (30) days to amend the Complaint and clarify his claims of constitutional violations. Accordingly, Defendant's motion to dismiss is granted with leave of thirty (30) days to amend the Complaint.[2]

### B.   CROSS-MOTION FOR PRELIMINARY INJUNCTION

Plaintiff seeks to enjoin Defendant from reporting Plaintiff's D.W.I. conviction to N.H.T.S.A. and NY D.M.V. (Pl.'s Br. at 5). Plaintiff further requests that this Court order Defendant to rescind and reverse any prior reporting based upon this conviction. (*Id.*).

The "grant of injunctive relief is an extraordinary remedy which should be granted only in limited circumstances." *Frank's GMC Truck Ctr., Inc. v. General Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988). *See also E.B. v. Poritz*, 914 F. Supp. 85, 90 (D.N.J. 1996) (noting "[t]here is no power the exercise of which is more delicate, which requires greater caution, deliberation, and sound

---

[2]   Having concluded that Plaintiff fails to state a claim upon which relief may be granted, the Court need not address Defendant's abstention arguments.

discretion, or more dangerous in a doubtful case, than the issuing [of] an injunction."), *rev'd on other grounds*, 119 F.3d 1077 (3d Cir. 1997). The Court must consider four factors in determining whether to grant a motion for a preliminary injunction:

> (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest.

*Gerardi v. Pelullo,* 16 F.3d 1363, 1373 (3d Cir. 1994) (citations omitted). An injunction should only be issued if Plaintiff produces sufficient evidence to convince the Court that all four factors warrant injunctive relief. *Am. Tel. & Tel. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994). The Third Circuit has placed particular weight on the first two prongs of the four-part test. *Hoxworth v. Blinder, Robinson & Co., Inc.,* 903 F.2d 186, 197 (3d Cir. 1990).

Plaintiff clearly fails to meet these requirements. Having concluded that Plaintiff fails to state a claim upon which relief may be granted, Plaintiff fails to demonstrate a reasonable probability of success on the merits. Accordingly, Plaintiff's cross-motion for a preliminary injunction is denied.

**III.    CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's First Amended Complaint is granted. Plaintiff is granted leave of thirty (30) days to file a Second Amended Complaint. Further, Plaintiff's cross-motion for a preliminary injunction is denied. An appropriate Order is filed herewith.


Date:   July 20, 2005

                                                  s/ Garrett E. Brown, Jr.
                                                 GARRETT E. BROWN, JR., U.S.D.J.