NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES M. MALONEY, | : |
| Plaintiff, | : Civ. No. 05-728 (GEB) |
| v. | : |
| | : **MEMORANDUM OPINION** |
| SHARON A. HARRINGTON, in her official capacity as Chief Administrator, New Jersey Motor Vehicle Commission, | : |
| Defendant. | : |

**BROWN, District Judge**

This matter comes before the Court upon plaintiff's deficient motion to stay the action in the interest of judicial economy. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. The Court, having considering the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth below, will grant plaintiff's motion to stay the action.

**I. BACKGROUND**

On November 7, 1984, plaintiff James M. Maloney ("Plaintiff") was convicted in Belmar, New Jersey, Municipal Court of driving while intoxicated. He was fined and his New Jersey driver's license was suspended for six months. Plaintiff surrendered his New Jersey license to the state court and has not sought its reinstatement. In December 2004, Plaintiff received a communication from "State of New Jersey Automobile Insurance Surcharge and Collections," an

entity existing under the auspices of the New Jersey Motor Vehicle Commission and under the supervision of defendant Sharon A. Harrington ("Defendant"), informing him that his New Jersey driving privileges were suspended until he satisfies an outstanding insurance surcharge, resulting from the license suspension, in the amount of $4592.77. Plaintiff has not paid Defendant the surcharge and is seeking to vacate the issuance of a Certificate of Debt authorizing collection proceedings for the surcharge in the Superior Court of New Jersey, Bergen County.

On or about February 22, 2005, Plaintiff received a letter from Defendant stating the applicable New Jersey law authorizing Defendant to indefinitely suspend Plaintiff's New Jersey driving privilege and to proceed with judgment action for the unpaid surcharge. The letter also advised Plaintiff that failure to restore his New Jersey driving privilege may result in the denial or suspension of his out-of-state license.[1] The letter constituted the final agency decision and Plaintiff has appealed the decision to the Superior Court of New Jersey, Appellate Division.

On March 1, 2005, Plaintiff filed his First Amended Complaint with this Court. Plaintiff claimed that the "continued prohibition of Plaintiff from operating a motor vehicle in the State of New Jersey" violated his constitutional rights guaranteed under the Privileges or Immunities, Privileges and Immunities, Due Process, Equal Protection, and Dormant Commerce Clauses of the Constitution. Plaintiff further claimed that "his right to move freely among the states" had been violated.

On April 29, 2005, Defendant moved to dismiss the Complaint. On May 27, 2005, Plaintiff cross-moved for a preliminary injunction preventing Defendant from reporting Plaintiff's conviction for driving intoxicated to the National Driver Register of the National

---

[1] Plaintiff currently holds a valid New York driver's license.

Highway Traffic Safety Administration and the Department of Motor Vehicles of the State of New York, and requiring Defendant to rescind and reverse any prior reporting to those agencies. On July 20, 2005, the Court issued an order granting Defendant's motion to dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), denying Plaintiff's cross-motion for a preliminary injunction, and granting Plaintiff leave to file a Second Amended Complaint.

On August 18, 2005, Plaintiff filed his Second Amended Complaint. Plaintiff alleged four causes of action, restating the initial claims of violation of his constitutional rights guaranteed under the Privileges or Immunities, Due Process, and Privileges and Immunities Clauses and that his "right to move freely among the states" has been violated. On September 2, 2005, Defendant moved to dismiss the Second Amended Complaint on jurisdiction and abstention grounds, in addition to seeking dismissal of the four counts under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. On October 8, 2005, Plaintiff sent a letter to the Court seeking to stay the action in the interest of judicial economy pending further developments in the related state court actions. The Court will consider the letter as a deficient motion to stay.

**II. DISCUSSION**

    A. <u>Standard for a Motion to Stay</u>

"The power to stay proceedings is incidental to the power inherent in every court to schedule disposition of the cases on its docket so as to promote fair and efficient adjudication." <u>Gold v. Johns-Manville Sales Corp.</u>, 723 F.2d 1068, 1077 (3d Cir. 1983). The decision is left to

the discretion of the trial court, "which must weigh competing interests and maintain an even balance."  <u>Hertz Corp. v. The Gator Corp.</u>, 250 F. Supp. 2d 421, 424 (D.N.J. 2003)(citing <u>Landis v. North American Co.</u>, 299 U.S. 248, 254-55 (1936)).  Thus, "before a stay may be issued, the petitioner must demonstrate 'a clear case of hardship or inequity,' if there is 'even a fair possibility' that the stay would work damage on another party."  <u>Gold</u>, 723 F.2d at 1075-76 (quoting <u>Landis</u>, 299 U.S. at 255).

  B. <u>Plaintiff's Motion to Stay Will Be Granted in the Interest of Judicial Economy</u>

  Plaintiff requested a stay of this action due to proceedings before the Superior Court of New Jersey and the Superior Court Appellate Division, which may both impact the claims brought before this Court in Plaintiff's Second Amended Complaint.  Although Plaintiff's deficient motion to stay fails to address the applicable standard, a stay of the instant action does not appear to cause a hardship for either party.  Furthermore, as Plaintiff suggests, the interest of judicial economy will be better served by staying this action pending resolution of the claims in state court, and a stay will "promote fair and efficient adjudication."

  Therefore, the instant action shall be stayed pending resolution of the state court actions.  Both parties are granted leave to seek to reopen and restore this action to the active docket after the conclusion of the state court actions.

**III. CONCLUSION**

      For the foregoing reasons, Plaintiff's deficient motion to stay the action is granted and Defendant's motion to dismiss Plaintiff's Second Amended Complaint is denied without prejudice.  Plaintiff and Defendant are both granted leave to seek to reopen and restore this action to the active docket after conclusion of the state court actions, provided that such a motion is made within ten (10) days of the entry of an order in the state court actions.  An appropriate form of order is filed herewith.

Dated:  December 12, 2005

                                                                           s/ Garrett E. Brown, Jr.
                                                            GARRETT E. BROWN, JR., U.S.D.J.